number 08-4507, Professors Perlstein and Burke. Good morning. May it please the court, I'm Paul Perlstein, and I represent Shelton Johns, and I would like to reserve, if I may, three minutes. That's fine. Okay. In imposing the original 60-month sentence, Judge Sleet made a mistake. We know this because he told us this. He said, I quote, I had made a mistake. I did not give proper consideration to all of the 3553A factors. We know from all the case law since Booker, especially since Tomski and Olhofsky have come out since the, or Tomko and Olhofsky, excuse me, have come out since these briefs were filed, how important it is that meaningful consideration, that's the test, must be given to all of the 3553A factors. To say that Judge Sleet did give meaningful consideration to all the 3553A factors, in contradiction of his own admission, would require that we disbelieve Judge Sleet. Well, don't we have to consider the situation as it existed at the time of the original sentencing to 60 months, and what was said by the court, the facts of the case, the guidelines, the pre-sentence report, and based upon what was said and done at the time of original sentencing, isn't that what, in reviewing that sentence, what we have to consider? If this were a normal situation, Judge Roth, I would agree with you, where we bring up an appeal to the Third Circuit saying that based on this record, the sentence imposed is unreasonable. Then what happens is that the court is faced with the difficulty of having to define what is in the judge's mind. This is a very unique... Okay, so then he said he made a mistake, but he does not define in what way it was unreasonable. So don't we, in determining... Yes, he does. Oh, I'm sorry. I apologize. He says I made a mistake. Yes, but he goes on to say, Judge Roth... And I didn't consider sufficiently, but don't we then go back to what he said at the original sentencing and determine whether that was an adequate consideration? I mean, a reasonable sentence isn't one particular sentence. A reasonable sentence can fit within a fairly broad area for consideration, and even if he says I was mistaken in not considering this and that, don't we look at what happened at the time of original sentencing and decide, in our opinion, was that a reasonable sentence? That would be the case if we did not have the subsequent statement. Then we'd be... No, but I'm saying in view of the subsequent statement, don't we still go back and consider what was done? No, because even though I believe it's... that the court make a full statement as to why it is imposing a particular sentence, what has never been given up as a requirement of the sentencing court is that it make meaningful... it give meaningful consideration to all of the 3553A factors. Part of the problem that you have here only is that this particular judge is about as good as it gets in terms of the comprehensiveness and the care and detail he goes into with respect to sentencing. And when you look at that initial sentence, it looks like Exhibit A in terms of how one should do it. Except that, as I quote in my brief, he talks about what he will do, and when he actually imposes a sentence and makes his statements, excuse me, there's no indication that, in fact, he did what he said he will do, and afterwards he tells us, I didn't do it. But didn't he empathetically, as the president might say, consider the statements of the accused, the statements of trial counsel, and the statements of the mother, and indicated that he had reflected on that, and he would base his sentence on what he had heard? But then he tells us that he didn't do it. And we're back, we were put in a position where you have to ignore the statement of the court, that it didn't give meaningful consideration, and substitute your own judgment for what only the court can know. I mean, here we have, you're right, this is a good judge who took a very, very brave stand, probably saying, I made a mistake are the four most difficult words to utter in the English language. This man had the courage to say, I made a mistake. And now what we're doing is we're saying, we're going to ignore the judge's own statement of exactly what was in his mind, and we're going to parse the statements before then and decide something different was in his mind than what he tells us is in his mind. I don't see how we can do that under any concept of justice, unless we're going to allow procedural niceties to somehow stand in the way of doing justice. And that is a sentence that's imposed after meaningful consideration to the 3553A factors are given. Mr. Johns has already faced a situation which, frankly, should only remain the stuff of novelists like Joe Heller or Franz Kafka. When I argued this matter a year ago, and we got bogged down on the procedural issue of Rule 35, when we brought up the substantive issue, we were told, well, and I pointed out, Mr. Johns may very well serve more than the 36 months that Judge Sleet intended. And I was told, and I have the transcript from that, or excuse me, the recording, well, you have expedited appeal, you have bail, you can apply for those. And I said to that panel, from the trenches, I have no confidence that that's going to occur, or that will be a help. And in fact, this man now is... Well, we have jurisdictions. I understand that. We only have what the statutes, the Constitution, and the rules say we have jurisdictions. So your argument that that procedural decision should not trump empathy, to us doesn't mean that we should have considered anything else. We couldn't consider it. We didn't have jurisdictions. I understand that. And I'm only trying to paint an entire picture as to exactly what's going on here. You paint a picture to a jury, but I think when you argue to a court, you ought to be a little more meticulous. Well, the only meticulousness I'm able to muster is to point out, as I have repeatedly, you have a court that had the courage to admit that it made a mistake. It didn't consider all of the 3553A factors. It didn't give meaningful consideration. It's not merely consideration, it's meaningful consideration is the test. And this judge admitted that he did not give meaningful consideration. I don't see how that can possibly be ignored. And instead, you're going to look at the first statement that the court made on March 23rd. But only Judge Sleet knows what's in his mind. And I do agree, Judge Ambrose, that certainly the reputation of Judge Sleet that you've just recited is certainly well-deserved by any jurist that has the courage to do what he did. But he does not have jurisdiction to correct a mistake. We do not have jurisdiction to consider his correction of a mistake. We have jurisdiction only to consider the 60-month sentence that was actually imposed. And in doing that, what better slate do we have to consider than the discussion of the sentence at the time  If you only had that to consider, then I would be up here arguing that that record somehow did not constitute meaningful consideration and the sentence wasn't procedurally reasonable. I just don't understand how, since Judge Sleet could have written an opinion if he had wanted to, that the court can really ignore what happened two, three weeks later. Remember, and again, I'm not trying to revisit the matter that was already determined in this case, but we had a judge who attempted. Actually, he made two mistakes. He not only made a mistake in not giving meaningful consideration to 3553A, he also made a mistake in only giving notice within the seven days that he was going to resentence under Rule 35, instead of actually entering the sentence under Rule 35. So now we have two errors of the court that we know occurred, and yet Mr. Johns is supposed to serve a 60-month sentence, which is not what the court imposed. We don't have jurisdiction to consider matters over which we don't have jurisdiction. But I don't see why. The court could have written an opinion, and within your jurisdiction you could have considered that opinion. Once the appeal was taken, it could have written an opinion. In essence, what the court did at the resentencing was no different than the delivery of an oral opinion at any convening of the court. It looks to me, in saying that I made a mistake, the court was second-guessing what he had done earlier in the sentence. Isn't that true? No. I don't believe you can do that, Judge Alexander. He cannot second-guess, can he? I agree he cannot second-guess, but he did not say he second-guessed. No, he said I made a mistake. And he went on to explain why he made a mistake. He didn't merely say he felt that the 36-month sentence was more appropriate than the 60-month sentence was a mistake. He was very specific in saying that he did not give meaningful consideration to the statements of Mrs. Woody, the defendant's mother, or to the statements of counsel. He didn't permit counsel to say anything. Pardon me? At the second sentencing? Yes. Didn't he say, I don't want to hear from you, this is what I'm going to do? Yes. Yes, that's correct. Nonetheless, that's not an issue that has been brought up before this court. I don't recall ‑‑ I certainly didn't bring that up, and I don't recall the government having raised the issue that it wasn't allowed to make any comment at the second sentencing. But that gives us then basically to determine the evaluation of the 355.3 factors, what was said, testified to at the first sentencing hearing and our consideration whether that is adequate consideration of those factors. And our determination is assisted by what the district court has said, but it's our determination. If you want to just simply focus on the first sentencing, there's no question. Mr. Johns got a sentence that was well below the guidelines. I've never argued that the 60-month sentence was unreasonable, but I have argued it wasn't unreasonable substantively, but it is unreasonable procedurally. I just don't see how we could ignore ‑‑ How do you distinguish our case of U.S. v. Smalley that came out last year? As I said in my brief, I think Smalley actually helps Mr. Johns because what Smalley says is that the most important thing for the court to do when imposing any sentence is to be sure that there's an opportunity for all of the issues of 3553A to be addressed and to be sure that the court gave meaningful consideration to all of those issues. And that's why it wasn't going to allow the court to do its end around run at the request of the government that it attempted to do, even though there was a different guideline range to justify a sentence that would have become, I think it was seven or eight months above the highest guideline range. I think that's exactly what's going on here. I think that's the reason. Smalley, I believe, is what actually compels this court to return the matter to Judge Sleet and impose the sentence that he intends after having given meaningful consideration to all of the 3553A factors. Thank you. You're welcome. Thank you very much. Burke. Your Honors, good morning. Christopher Burke for the United States. Your Honors, the government's position here is twofold, and I can take the arguments in the way that the court addressed them if the court will permit. The positions are, first, that this court shouldn't consider the district court's statements at the second sentencing hearing in making its determination as to whether the first 60-month sentence was reasonable. But, second, even if the court did consider those statements, still in looking at the record of the first sentencing hearing, that the 60-month sentence was clearly reasonable in this case. What our court had previously held was that Judge Sleet, under Rule 35, didn't have the jurisdictional ability to go back and re-sentence outside of a seven-day period. But let's say he didn't have a re-sentence. Let's just say he puts in certification, affidavit, whatever you want to call it, and says, I made a mistake. Can we consider that? I think, Your Honor, the court cannot consider it if what that additional certification, affidavit, whatever the court would say, if what it is doing is not amplifying or explaining why the 60-month sentence was imposed, which is what the court allows district courts to do within reason under Local Rule 3.1, but if what that additional thing is doing is saying, here is why I want to do something different than I had done at this first hearing. Here is why I want to impose either the same sentence but for different reasons, which weren't addressed, or if I want to impose a different sentence. I think what he was saying is, look, I paid lip service to the statements made by certain people at the sentencing hearing, but I didn't give, actually I gave consideration to it, but I didn't give enough, I didn't give it as much as I should have. And what if you flip this around? What if a judge, after a sentencing, actually he sentences someone outside the guidelines but goes up and says afterwards, I didn't do it outside seven days. He says, you know, I didn't do this under 3553A. I did it because I just didn't like him.  Can you consider that statement made outside the seven days? I think if what the court is doing there is to say, is not explaining or amplifying here is why I did this, here is why this original sentence should stand, but here is why it shouldn't stand. Here is why it is wrong or mistaken. I think if it is made outside of the seven days, the court can't correct the sentence in any way. That is what Rule 35 says. I think what Smalley says is this court would not consider that on appeal in looking at whether the original sentence was reasonable. In that case, what would be the example that I gave? How would you be able to rectify that? Would you have to come up with habeas? Well, I think if the type of thing that the district court was talking about was of the type of violation which you can file a 2255 petition, which there are many, particularly if it was a constitutional issue, for example, I failed to do something that has constitutional dimensions, then certainly a defendant at that point could use that as evidence in the 2255 context to contest the sentence. But it would be the same thing as if the defendant had not appealed in that case. And so it is not as if the court on appeal would somehow take that up. So in this case, is there a habeas right that the individual would have? I don't think so, Your Honor. I think, in effect, what the – But if it goes the other way or is habeas, why not go this way? The court is saying that I do not believe that I correctly applied the 3553A factors. Because of the nature of what the court is saying it didn't do. I think, Your Honor, what the court is saying, which Judge Alarcon really noted, is that the court is saying upon reflection of these factors, if I had to do it over again, I would have come out with a different ultimate month range. I would have come out with 36 months. But that is a sentence that the district court had the ability to impose. It's just a different ultimate conclusion. And so I don't think it's the kind of thing that would be cognizable. Well, for instance, if we say, all right, we will not rule on the basis of that subsequent statement, but in making our review of the 3553 factors on the 60-month sentence, we will consider this as one of the persuasive elements that we must have in mind. Is that permissible? I don't think so, Your Honor.  And just to draw the parallel, in Smalley what happened was the district court at the time of sentencing, and so did all the parties, thought that the sentencing range was 57 to 71 months. The district court imposed a 71-month sentence. And then almost immediately thereafter everyone realized, wow, the district court got it wrong and so did the parties. The sentencing guideline range was less. It's clearly a procedural error. And so what the district court then said in an amended judgment was it said, I would have imposed that same sentence. I didn't say this at the original hearing. But I'm telling you now, in this written document, I would have imposed the 71-month sentence for these reasons. And then this court had to determine on appeal, will it look to that amended judgment? Clearly something the district court put forward. Clearly something that was a different issue, not one raised before. And what this court said is, no, we won't do it for two reasons. One, because it violates Rule 35. And the reason there, I think, and the second is because it's not appropriate under Rule 3.1. And I think what the court's doing there is it's enforcing those rules which are set up for other good reasons. For example, in the Rule 35 context, the reason why there's that seven-day limit is not only to provide appellate jurisdiction finality to make it clear, okay, a sentence is with the district court for some period, but then at some point for appellate jurisdiction reasons it moves to the Court of Appeals, but also for other reasons having to do with finality. There is something important for the parties, all parties really, that they know that at a sentencing hearing when a sentence is imposed, that that is the word, as long as the sentence was reasonable, as long as it was imposed procedurally and substantively reasonable. You can think of lots of circumstances where, for example, if the victims in this case had been a fraud case, where there were 30 or 40 victims who had lost their money, imagine the feeling they would have felt after seeing a 60-month sentence, that they would say, okay, there's some finality there. But now that's changed weeks down the line. Those are the reasons why Rule 35, why Local Rule 3.1, really provide a very narrow window into what a district court can do to change a sentence afterwards. And I would note this, and I think it's something Judge Alarcon mentioned, is that what the district court said at the second sentencing hearing, even if the court were to consider those words, it said, as I didn't give effect to the words of the defendant, his mother, his counsel. I'd note a couple things with respect to that. First, as Judge Alarcon noted, in the original sentencing hearing transcript, as Judge Ambrose said, the district court really went to great lengths to do all those things. It went through all of the Gunter factors. And indeed, multiple times, it emphasized how the words of the defendant, his counsel and his mother, had actually impacted its decision in significant detail. Indeed, in our first appeal in this case, Judge McKee, sitting where Judge Ambrose is, said really, as you did, that the district court really did everything we asked it to do. And so I think it just underscores that the first sentence, both from a procedural and a substantive standpoint, was reasonable. I think the reason why the court comes out the way it does in Smalley, and why here we would say it should not consider the judge's words at the second hearing, is because what that's doing is protecting the rules that are in place for finality in sentencing. But even if the court does consider those words, I think what it shows is that at the first hearing, what the court was saying at the second, is that it's not that I didn't give any effect to these words. I did. I clearly did. It's on the record. And I explained how I did. It's just that if I had to think about it more, I might have come out to a different conclusion. But all the Rule 35 cases that we address in our first appeal, they all say that Rule 35 is in place to prevent those changes of heart, which are human, that are a human thing, but to prevent them from affecting an initial sentence that is otherwise legally imposed for the good reasons as to why the rule exists. Although, had he actually had the sentencing within seven days, it would have been fine, right? No. Actually, no, Your Honor. The court didn't reach this in the first appeal. The defense said that in its brief, but that's not the case because although the seven-day issue in Rule 35 would have not been an issue in that case, Rule 35 also is very narrow in the kinds of errors that it allows you to correct, arithmetical, technical, or other clear error. Our position was in the first appeal that the type of clear error. Mr. Prolstein's position would be that that was clear error and it was admitted to by the judge. We would have had to argue about that before the first court, but I think we are reading it in our briefs in the first case. Of the appellate decisions in other jurisdictions, I would make it clear that when the court's talking about clear error, it's talking about things like I used the wrong sentencing guideline range, and everybody would have to agree to that, and any opinion coming from a court of appeals would have to recognize it. Here the argument would be it's not clear error because there are reasonable give and take in terms of the arguments that could be made as to whether that original sentence was reasonable. If we were in a position to consider for Mr. Johns both the 60-month sentence and the 36-month sentence, is it possible under the guidelines under 355.3a for us to make a determination that both sentences are reasonable? Well, I think the court only considers one sentence at a time as a practical matter, but I think it could, yes. To the judge's point, a 36-month sentence, a 60-month sentence, the court could certainly find that both could be reasonable. I mean, the court said in Wise and other cases that reasonableness is a range, not a point, as the judge noted. I think the point is that the 60-month sentence itself was a 10-month variance from the guideline range. It took into account both positive and negative factors of the defendant. It was given after a hearing that lasted an hour and 13 minutes and where there really weren't any legal issues except for one discussed. It just underscores how the reasonableness in the procedure makes sense there. I think the court could say that a 36-month sentence might have been reasonable. We might have disagreed in that context, but what the court has before it here is that 60-month sentence. The question is whether that is reasonable under the law. The government's position is that it clearly is. And I should also note the government in this case is not simply asking the court to rule on a technicality or a procedural issue, as Mr. Perlstein said. I should note that the government believes that 60-month sentence is just. The defendant in this case, as we noted, had a really long criminal history, convictions every year for seven straight years, no real job history, significant addiction to drugs and alcohol. The government believes that it is really the case that if the defendant had been released on a 36-month sentence, there's a real worry about deterrence but also about people getting hurt. And so that 60-month sentence isn't some kind of esoteric issue. It's a real issue that the government believes not only is procedurally and substantially reasonable, but is just and should be upheld by this court on that basis. Thank you very much. Thank you, Your Honor. Mr. Perlstein. Please keep in mind that Olhofsky has made it very clear that no matter how reprehensible the defendant may be, that's not what the court should be looking at solely. It has to look at all of the 3553A factors. But in this case, isn't Mr. Burke right that if it was 60 months or 36 months, probably an appellate court in light of the lay of the land given to us by the Supreme Court is going to have to say that both of those are reasonable if they had been done initially? I agree, and I have never taken a position contrary to that. I would certainly, on behalf of Mr. Johns, anyone sitting in prison would rather serve only 36 months than 60, but I have never argued that 60 months is not a reasonable sentence. What I've argued is that we know that this judge felt that 36 months is the reasonable sentence and is the appropriate sentence under 3553A, and that that's the sentence that should have been imposed, and I would take the position also that while from both sides you see there's been no specific case that's been found on this issue, if a court knows that it did not give meaningful consideration to all of the 3553A factors, what could be a more clear error that Rule 35 was intended for? If you can stay within Rule 35, that's the problem. Well, the difficulty there is Judge Sleet made a second mistake, and he believed apparently that if he gave notice, remember he did a couple of things. He not only gave notice within the seven days that there was going to be a rehearing, but he never issued the judgment and commitment order also. There was nothing we could have appealed from until he entered his sentence, I think it was April 17th. So both sides were in limbo. I mean if there was something that had happened that the government wanted to take an appeal from, they were prevented from doing so. I was prevented from doing so. I attempted to avoid this procedural morass by taking a cross appeal last year, but because of the way that the matter was handled, and Judge Roth, I don't mean to revisit it, but the court dealt with the narrow issue. Well, the narrow issue that prevented us from considering the other issue. Well, but Mr. Johns, on his behalf, I attempted to get that before the court in the only way that was available to me. And we did not have jurisdiction to consider it, and federal courts cannot, we don't have a common law jurisdiction. We have a jurisdiction created by the statutes in the Constitution, and when something goes beyond that, we are powerless to act on it. It just seems to me that I don't believe that. Even if we think we should, we can't do it. Well, I believe this court does have the jurisdiction to do it, and that's what I argue in my brief when I asked the matter to be sent back. Well, another panel of this court has held that we do not have jurisdiction. Oh, I didn't mean to re-argue the Rule 35 matter, ma'am. I'm sorry. That wasn't what I was intending. Then we don't have jurisdiction. Well, I believe you do have jurisdiction now over this sentence, the one that's before you, and that the court must consider. Well, we do. Yes, we do. And what do we consider? And that's what we'll have to decide. You indicated that there was something that could be done because of the court's error in not acting within seven days to change a sentence. You could have notified the court about Rule 35. I don't think so. Within the seven days. Isn't that true? Well, I believe in the Third Circuit that until this decision was rendered, I don't think anyone was particularly aware, including the court, that its procedure that it was attempting to employ wasn't adequate under Rule 35. Especially when the judge didn't note the sentence on the record but had a remark underneath that there will be another hearing, and it was the same day that you actually had the sentencing on March 23. You're sort of stuck with a statute that says the sentencing isn't what you write down. The sentencing is what you say at an actual sentencing hearing. It was just a parade of things that went against you in that particular case. That's correct. In fact, that's what I've tried to point out when I was first standing up here. The problem is that we know what the correct sentence Judge Sleet believed should have been imposed, and unfortunately the victim now in this particular case is Mr. Johns, and I don't think that should be allowed to be perpetuated. Thank you. Thank you very much. Thank you to both counsel for very well-presented arguments. We'll take the matter under advisement. Call the next case.